IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-249

THE STATE OF MONTANA ex rel.
THE DISTRICT COURT OF THE
EIGHTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF CASCADE, THE
HONORABLE JOHN M. McCARVEL, CHIEF
JUDGE, and THOMAS M. McKITTRICK and
JOEL G. ROTH, District Judges,

Petitioners,

vs.

JACK F. WHITAKER, RICHARD G.
GASVODA and PATRICK L. RYAN,
individually and as the duly
elected, qualified and acting
Board of County Commissioners of
Cascade County, Montana, a political
subdivision and body politic of the
State of Montana,

Respondents.



JUN 7 1984

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER AND DECLARATORY JUDGMENT

Petitioners, the district judges duly sitting in the Eighth Judicial District, seek a writ of mandate or alternative order to require the Board of County Commissioners of Cascade County, Montana, to authorize the issuance of county warrants to pay for claims for expenses incurred in the operation of the district court in Cascade County.

The Board has notified the petitioners that the 1983-84 fiscal year county budget for district court operations has been exceeded, and that the Board will not authorize county warrants to be issued out of budget. The Board relies on the provisions of section 7-6-2323, MCA, that liabilities in

- 1 -

excess of the detailed budget appropriations are not a liability of the County, but would become the personal liabilities of the members of the Board if they authorized the issuance of such warrants.

Petitioners contend that the operation of the district court is mandated by constitutional and statutory law, and that unless provision is made by the Commissioners to pay reasonable and necessary expenses of operation of the district court in the county, trials must be postponed, jurors and witnesses cannot be paid, and court salaries for judges and personnel will not be honored. Petitioners contend that the interruption of the ordinary business of the court creates an emergency, for which the Board has failed to make suitable provision under the Board's statutory emergency powers.

Upon receipt of the petition, we required a written response from the Board, and set hearing on the petition on Monday, June 4, 1984. Upon such hearing, and having been duly advised, the Court finds and concludes:

1. The budget overrun for fiscal 1983-84 has stopped or threatened to stop the efficient and orderly administration of justice and court business in Cascade County, and because thereof an emergency exists in said county.

2. The District Court of the Eighth Judicial District of the State of Montana in and for Cascade County is a court of competent jurisdiction for the purposes of this case within the meaning of section 7-6-2323(2)(a), MCA.

3. As such court of competent jurisdiction, said district court may issue orders for the payment of out-of-budget reasonable and necessary court expenditures.

4. Compliance by the members of the Board acting as a Board, or of any other county officer whose official action is necessary, with any order of said district court requiring payment of its reasonable and necessary court expenditures is within the exception to personal liability of such officers provided in section 7-6-2323(2)(a), MCA.

5. Nothing herein provided shall be construed to deprive the Board, its members, or any other county officer from exercising their official duties in passing upon the propriety of such claims, except that such claims may not be denied on the basis that they are out of budget when the district court has duly ordered the payment of the same.

6. This order, without more, shall be and constitute a declaratory judgment defining the power of the district court to provide for its continued operation for the efficient administration of justice in cases of budgetary emergency.

7. Each party shall bear its or his own costs.

DATED this 7th day of June, 1984.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea, dissenting:

I agree with the Court that mandamus is not a proper remedy, and that, if anything, the case should be handled as a petition for a declaratory judgment. However, I adhere to my original position that we should not decide the case unless and until the County Commissioners have failed to comply with an order of the District Court that the Commission make the necessary expenditures to fund the operations of the court. The District Court has failed to make such an order, and, absent that order and a refusal to comply, I would not grant any relief.

Daniel J Shea
                                        Justice

- 4 -